IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTHONY WAYNE RILEY,         )
                             )
            Petitioner,      )
                             )
                             )    CIV-13-397-F
v.                           )
                             )
MIKE ADDISON, Warden,        )
                             )
            Respondent.      )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his conviction for Trafficking in Illegal Drugs entered in the District Court of Oklahoma County, Case No. CF-2005-1614 pursuant to a plea of guilty. Respondent has moved to dismiss the action on the basis that it is time-barred, and Petitioner has responded to the motion. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed on the basis that it is not timely filed.

I. Background

Petitioner entered a blind plea of guilty[1] to the Trafficking charge on June 26, 2006,

---

[1] A blind plea denotes a plea entered by a defendant without a negotiated sentencing agreement with the prosecution.

1

and, after Petitioner absconded and was arrested more than three years later, he was sentenced on June 30, 2010, to a twenty-year term of imprisonment. Petitioner moved to withdraw his plea, but he withdrew the motion on the scheduled hearing date. Petitioner did not timely appeal his conviction.

On April 5, 2012, Petitioner filed an application for post-conviction relief in the state district court. This application was stricken on procedural grounds.[2] On August 17, 2012, Petitioner filed a second post-conviction application. Petitioner alleged in the application that his plea was not knowingly and voluntarily entered and that he was denied effective assistance of counsel by each of three defense attorneys. The district court denied the application, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial on April 2, 2013.

Petitioner now seeks habeas relief, asserting in ground one that he was denied effective assistance of counsel due to his first defense counsel Ms. Chung's failure to appeal an order denying his motion to suppress, her "advice that blind plea of guilty waives right to appeal," and, finally, due to defense counsel's refusal to file a motion to withdraw his plea.

---

[2]See Brief in Support of Motion to Dismiss (Doc. # 13), Ex. 1, Anthony Wayne Riley v. State of Oklahoma, Case No. CF-2005-1614, Order Denying Application for Post-Conviction Relief (Okla. Dist. Ct. Jan. 30, 2013)(finding, *inter alia,* "[o]n April 5, 2012 Petitioner, pro se, filed an Application for Post-Conviction Relief which was struck on April 27, 2012 for violating District Court rule 37(B) which specifies ' . . . applications . . . shall not exceed twenty (20) pages in length . . . without prior permission of the assigned Judge'"); Petitioner's Response (Doc. # 15), at 2 (stating that "[o]n April 27, 2012, the District Court of Oklahoma County struck the [first post-conviction] Application based on Page limit had been exceeded").

In ground two, Petitioner contends that another defense counsel, Mr. Johnson, who represented Petitioner at his sentencing and subsequent motion to withdraw proceeding, provided ineffective assistance by advising Petitioner to withdraw his motion to withdraw the plea. In ground three, Petitioner alleges that yet another defense counsel, Mr. Bock, provided ineffective assistance of counsel, but Petitioner provides no factual or evidentiary support for the claim.[3]

II. Statute of Limitations Governing § 2254 Habeas Petitions by State Prisoners

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. § 2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins

---

[3]According to the undisputed findings made by the district court in its order denying Petitioner post-conviction relief, "[o]n July 31, 2006, Petitioner's second defense attorney, William Bock, made an Entry of Appearance on behalf of Petitioner and sentencing was continued to September 20, 2006. On September 20, 2006, the sentencing was continued to October 23, 2006. On October 23, 2006 sentencing was continued to January 17, 2007. On January 17, 2007 sentencing was continued to March14, 2007. On March 14, 2007 Petitioner failed to appear for sentencing and a warrant was issued for his arrest. More than three (3) years passed before the Petitioner was found and arrested. He was arraigned on April 30, 2010 and sentencing was set for May 7, 2010 and defense counsel Bock was informed. On May 5, 2010 sentencing was continued to May 12, 2010. On May 11, 2010 Petitioner hired his third defense attorney, Michael Johnson and attorney Bock was allowed to withdraw." Brief in Support of Motion to Dismiss, Ex. 1, Anthony Wayne Riley v. State of Oklahoma, Case No. CF-2005-1614, Order Denying Application for Post-Conviction Relief (Okla. Dist. Ct. Jan. 30, 2013).

to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2).

The limitations period may also be equitably tolled in extraordinary circumstances so long as the petitioner has diligently pursued his federal claims. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(one-year limitations period may be subjected to equitable tolling in limited circumstances such as incompetence or actual innocence).

III. Analysis

Respondent contends that judicial review of the Petition is barred because the limitations period prescribed in 28 U.S.C. § 2244(d)(1)(A) expired before he filed the instant Petition. Petitioner responds that the limitations period should be "equitably tolled" until his post-conviction appeal ended on April 2, 2013. See Petitioner's Reply Brief (Doc. # 15), at 1. This argument may also be construed to assert that the 28 U.S.C. § 2244(d)(1)(A) limitations period did not begin to run until the conclusion of Petitioner's post-conviction appeal. See Petitioner's Reply Brief (Doc. # 15), at 2 (citing 28 U.S.C. § 2244(d)(1)(A) and stating that "Petitioner's time ended [sic] when time for seeking such Review in collateral post-conviction proceedings had ended on April 02, 2013, Case Number PC-2013-186").

In Oklahoma, if a defendant's conviction is based on a guilty

4

> plea, he may pursue an appeal to the OCCA only by a petition for a writ of certiorari. . . . First, however, the defendant must file an application in the trial court to withdraw his plea within ten days of the judgment and sentence, with a request for an evidentiary hearing. . . . The court must hold an evidentiary hearing and rule on the application to withdraw the plea within thirty days from the date the application was filed. . . . If the trial court denies the motion to withdraw, the defendant may then appeal by way of a petition for writ of certiorari.

Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012). See Okla. Ct. Crim. App. R. 4.2(A) (defendant must file application to withdraw plea within ten days of pronouncement of Judgment and Sentence and request evidentiary hearing).

Petitioner's plea-based conviction became final for purposes of 28 U.S.C. §2244(d)(1)(A)[4] on July 10, 2010, when the time expired for him to move to withdraw his guilty plea. Respondent asserts that Petitioner's conviction became final on a later date, August 7, 2010, or ten days after he withdrew his motion to withdraw the plea. However, Petitioner appeared in the district court with his defense attorney on July 28, 2010, and withdrew his motion to withdraw the plea. Thus, Petitioner's conviction became final on July 10, 2010. See Edwards v. Keith, 2008 WL 162624 (E.D.Okla. 2008)(unpublished op.)(finding habeas petitioner who withdrew his motion to withdraw his guilty plea "did not seek to timely withdraw his plea or seek a direct appeal . . ., so his conviction became final . . . ten days after entry of the Judgment and Sentence"), aff'd, 276 Fed.Appx. 768 (10th Cir. 2008)(unpublished op.).

---

[4] The alternative circumstances set forth in 28 U.S.C. § 2244(d)(1) for determining the statute of limitations period do not apply.

The limitations period began on July 11, 2010, and expired one year later on July 11, 2011. The instant Petition, filed on April 19, 2013, is therefore time-barred absent some basis for tolling the limitations period.[5] Neither Petitioner's post-conviction application filed in the state district court on April 5, 2012, or his post-conviction application filed in the state district court on August 17, 2012, tolled the running of the one-year limitations period under § 2244(d)(2) because the applications were filed after the limitations period expired.[6] See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001).

Petitioner's contentions that (1) the limitations period did not commence until after his post-conviction proceeding ended or (2) that equitable tolling should extend the limitations period until after his post-conviction proceeding ended are without merit. First, under 28 U.S.C. § 2244(d)(1)(A) it is the date on which the petitioner's conviction(s) became final, which includes the time for seeking an appeal of the conviction(s), that determines the date on which the limitations period begins. Petitioner's post-conviction applications did not extend the limitations period because the applications were not filed within the one-year limitations period. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006)("Only state

---

[5] In the Petition, Petitioner declared under penalty of perjury that he placed a copy of the Petition in the prison mailing system on April 19, 2013. Therefore, this date is presumed to be the filing date. Houston v. Lack, 487 U.S. 266, 276 (1988); Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005).

[6] Even if his first post-conviction application was filed during the limitations period, the application was stricken because it did not comply with the court's procedural rules. Therefore, the application was not a "properly filed" post-conviction application, and it would not toll the running of the limitations period. See 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 8 (2000)("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Smallwood v. Martin, 2013 WL 1846841, * 3 n. 3 (10th Cir. 2013)(unpublished op.)(finding habeas petitioner's post-conviction applications "do not reset the clock" when they were filed beyond the limitations period); Daniel v. Trani, 511 Fed.Appx. 794, 794 (10th Cir. 2013)(unpublished op.)("Contrary to Petitioner's contentions, 'direct review' refers only to the direct criminal appeal and Supreme Court review thereof, not to post-conviction and other collateral proceedings.").

Second, to be entitled to equitable tolling, a petitioner generally must establish "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct - or other uncontrollable circumstances - presents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003)(quotations and citation omitted). Petitioner has not asserted grounds for equitable tolling, and none are apparent from the pleadings. Thus, no tolling is warranted, and the Petition should be dismissed as it is time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 12) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely. The parties are advised of their respective

right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___August 19th___ , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___29th___ day of ___July___, 2013.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE