# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANTHONY WAYNE RILEY,       )
                           )
    Petitioner,            )
                           )
vs.                        )   Case No. CIV-13-0397-F
                           )
MIKE ADDISON, Warden,      )
                           )
    Respondent.            )

## ORDER

Petitioner, a state prisoner appearing *pro se* whose pleadings are liberally construed, brings this action seeking habeas relief under 28 U.S.C. § 2254.

Magistrate Judge Gary M. Purcell entered his Supplemental Report and Recommendation in this matter on July 29, 2013, recommending that the motion to dismiss of the respondent, doc. no. 12, be granted, and that the petition be dismissed as untimely. Supplemental Report and Recommendation, doc. no. 16, p. 7. Petitioner filed an objection to the magistrate judge's recommended findings and conclusions. Doc. no. 17. The sole objection is petitioner's argument that he should be entitled to equitable tolling of the limitations period. The objection includes an affidavit from the petitioner, not previously submitted to the magistrate judge. Matters raised for the first time in objections to the magistrate judge's report are deemed waived, United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001), and that is the case here with respect to the new matters in the affidavit.[1]

---

[1] The court notes that if the belatedly submitted affidavit were to be considered, it would not change the result because it does not set out the types of circumstances necessary to entitle a petitioner to equitable tolling. The affidavit describes difficulties petitioner faced in obtaining (continued...)

The court reviews *de novo* the objected to issue regarding equitable tolling.

Upon review, and having considered defendant's objection, the court concurs with the magistrate judge's determinations and concludes that it would not be useful to cite any additional arguments or authorities here. Accordingly, the Report and Recommendation of Magistrate Judge Purcell is **ACCEPTED, ADOPTED** and **AFFIRMED** in its entirety. The motion to dismiss is **GRANTED**, and the petition for a writ of habeas corpus is **DISMISSED** as untimely.

Petitioner is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

---

[1](...continued)
documents in his underlying criminal case from his prior counsel and others. It does not explain when each of the various difficulties were encountered or how those difficulties kept plaintiff from filing the petition for habeas relief until more than 21 months after the limitations period expired.

Petitioner has not made the requisite showing; a certificate of appealability is **DENIED**.

Dated this 6th day of September, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0397p003.wpd